NADAL, PROMOVENTE Y APELADO, Y LUGO, OPOSITORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en procedimiento ex-parte, sobre operaciones testamentarias.

No. 1904.—Resuelto en julio 14, 1919.

APELACIÓN FRÍVOLA — PARTICIÓN DE HERENCIA — SEÑALAMIENTO DE ERRORES. — Cuando se apela contra la resolución de una corte en un procedimiento sobre partición de herencia, por una parte que se cree perjudicada con tal resolución, y en apelación resulta, mediante una operación aritmética, que tal parte no ha sufrido el perjuicio que alega, la apelación es frívola y procede confirmar la sentencia apelada, no debiendo considerarse otros errores apuntados, especialmente cuando no han sido señalados separadamente, como exigen las reglas 41 y 42 de este tribunal.

Los hechos están expresados en la opinión.

Abogados del promovente: *Sres. Salvador Nadal y Angel A. Vázquez.*

Abogado de la opositora: *Sr. José Martínez Dávila.*

Abogado del heredero Daniel Nadal: *Sr. E. Ramírez Nadal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El punto principal planteado en esta apelación se refiere a la manera en que se ha distribuído el caudal hereditario. La apelante, una hija natural reconocida, se queja de que en la distribución de la herencia se dedujo como bajas de la masa total hereditaria los gastos de funerales y legados en vez de de la parte de libre disposición. Las duedas deben siempre deducirse de la masa total.

De la liquidación en este caso aparece que después de deducir las deudas y legados la parte distribuíble era de $93,953.13. Los legados ascendían a $11,770, de modo que la parte distribuíble era de $105,723.13. Existían dos herederos legítimos a quienes pertenecían las dos terceras partes de los bienes, y uno natural. Sobre la base propuesta por la apelante, a cada uno de los hijos legítimos, le correspondería la suma de $35,241.04⅓, o sea una tercera parte de $105,723.13, por tanto, a la apelante le correspondería $17,620.52⅙, o una mitad de dicha tercera parte. Añadiendo a este último número el importe de los legados que ascienden a $11,770, resultaría un total de $29,390.52⅙, dejando $5,850.52⅙ para distribuirse en la misma proporción de la parte de libre disposición. De esta suma de $5,850.52⅙ la suma de $2,340.20 13/15 pertenecía, por tanto, a cada uno de los hijos legítimos y la de $1,170.10 13/30 al hijo natural. Añadiendo la suma de $1,170.10 13/30 a los $17,620.52⅙, el total sería $18,790.63 que es precisamente la suma que estima el árbitro corresponderle. Conforme con los principios aritméticos bien establecidos, esto tendría que ser cierto cuando la quinta parte de la porción distribuíble de los bienes que correspondía al hijo natural, más los legados no excedan del tercio de libre disposición, puesto que el hijo natural siempre tenía derecho a una cuarta parte de lo que correspondía a los hijos legítimos o a una quinta parte de la totalidad de los bienes distribuíbles. No podemos exijirle a los apelantes que conozcan todos los principios de la aritmética ni que debieran consultarse con expertos, pero cuando menos el

cómputo que hemos hecho de lo que se le hubiera debido de acuerdo con su teoría ha podido hacerlo la parte apelante. Esta apelación no es meritoria, no siendo necesario discutir los demás errores alegados puesto que las cuestiones planteadas así como la falta de notificación que fueron subsanadas por la comparecencia ante el árbitro, o no fueron debidamente propuestas ante la corte inferior, ni fueron nunca fundamentales. Nos confirmamos en nuestra posición al no tocar los demás errores puesto que la parte apelante no ha hecho señalamiento separado de errores, tal como se exige por los artículos 41 y 42 de este tribunal.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.